FOLAND, Respondent, v. DUGAN et al., Appellant

(57 N. W.2d 166)

(File No. 9345. Opinion filed February 14, 1953)

**Davenport, Evans, Hurwitz & Smith** and **Robert C. Heege,** Sioux Falls, for Defendant and Appellant.

**Bailey, Voorhees, Woods & Fuller** and **Milton Berndt,** Sioux Falls, for Plaintiff and Respondent.

PER CURIAM. Plaintiff recovered a verdict for damages sustained by his car when it collided with defendant's truck.

Plaintiff's alleged contributory negligence was an issue at the trial. On this issue the trial court instructed the jury as follows:

"Contributory Negligence is negligence on the part of a person injured which co-operating in some degree with the negligence of another helps in proximately causing the injuries of which the former thereafter complains. One who is guilty of contributory negligence may not recover from another for the injuries suffered unless his negligence is slight in comparison with the negligence of the other party."

The trial court further instructed the jury that if they found for the plaintiff they should return a verdict for the full amount of his claim.

The error we believe is obvious. Under these instructions the jury might find that plaintiff was slightly negligent but were instructed, nevertheless, to return a verdict for the full amount of the claim. The comparative negligence law, SDC Supp. 47.0304-1, provides that if "the contributory negligence of the plaintiff was slight and the negligence of the defendant was gross in comparison" the jury shall consider the contributory negligence of plaintiff "in the mitigation of damages in proportion to the amount of contributory negligence attributable to the plaintiff; * * *."

The judgment appealed from is reversed.